UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

_____
                                   )
JAMES MERIDA,                      )
                                   )
        Plaintiff,                 )
                                   )
     v.                            )   C.A. No. 17-465 WES
                                   )
DEREK NONNENMACHER,                )
                                   )
        Defendant.                 )
_____)

**ORDER**

WILLIAM E. SMITH, Chief Judge.

In a Report and Recommendation ("R&R") (ECF No. 5), Magistrate Judge Patricia A. Sullivan recommended that the Court deny Plaintiff's Application to Proceed without Prepayment of Fees and Affidavit ("Application") (ECF No. 2) and direct Plaintiff to pay the filing fee within thirty days of adopting the R&R. Having reviewed the R&R and the relevant papers, and hearing no objection, the Court ACCEPTS the R&R and adopts its recommendations and reasoning. Plaintiff's Application, therefore, is DENIED. Plaintiff is directed to pay the filing fee within thirty days from entry of this Order; otherwise, Plaintiff's case will be dismissed without prejudice.

IT IS SO ORDERED.

_____
William E. Smith
Chief Judge
Date: May 8, 2018

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| JAMES MERIDA, : | |
|     Plaintiff, : | |
| : | |
| v. : | C.A. No. 17-465WES |
| : | |
| DEREK NONNENMACHER, : | |
|     Defendant. : | |

**REPORT AND RECOMMENDATION**

PATRICIA A. SULLIVAN, United States Magistrate Judge.

    This matter is before the Court on the motion of Plaintiff James Merida to proceed *in forma pauperis* ("IFP") (ECF No. 2). The motion was referred to me. After review of the original motion, I directed Plaintiff to supplement his financial affidavit with additional information to support his claim of financial desperation by November 10, 2017, making clear that if the information he provided failed to establish that he is eligible for IFP status, I would recommend that the IFP motion be denied. ECF No. 3. After Plaintiff made a good faith effort to comply, this deadline was extended to November 27, 2017.

    Plaintiff complied with this Order by filing supplemental information; his supplementation establishes that his family income is just sufficient to cover estimated monthly expenses, including making payments on debts and caring for children and pets, as well as that some, but far from all, of the family savings is bespoke. ECF No. 4. Most importantly, the completed application establishes that Plaintiff is able to discharge his responsibilities, leaving himself and his family with $8,000 in savings which could be used for this litigation. Accordingly, based on my review of the supplemental information, together with his original motion, I reluctantly conclude that the motion should be denied and address it by this report and recommendation. Janneh v. Johnson & Wales Univ., No. CA 11-352 ML, 2011 WL 4597510, at

*1 (D.R.I. Sept. 12, 2011) (denial of a motion to proceed *in forma pauperis* is functional equivalent of involuntary dismissal; magistrate judge should issue report and recommendation for final decision by district court).

Section 1915 permits persons otherwise unable to access the courts to proceed without paying such costs as the fees for filing and service, which instead are defrayed at public expense. 28 U.S.C. § 1915(a). As Justice Hugo Black, speaking for a unanimous Supreme Court many years ago, made clear:

> We cannot agree with the court below that one must be absolutely destitute to enjoy the benefit of the statute . . . . To say that no persons are entitled to the statute's benefits until they have sworn to contribute to payment of costs, the last dollar they have or can get, and thus make themselves and their dependents wholly destitute, would be to construe the statute in a way that would throw its beneficiaries into the category of public charges. The public would not be profited if relieved of paying costs of a particular litigation only to have imposed on it the expense of supporting the person thereby made an object of public support. Nor does the result seem more desirable if the effect of this statutory interpretation is to force a litigant to abandon what may be a meritorious claim in order to spare himself complete destitution.

Adkins v. E. I. DuPont de Nemours & Co., 335 U.S. 331, 339-40 (1948). Nevertheless, the First Circuit has bluntly emphasized that even a plaintiff of small means should be asked to "'put his money where his mouth is,' it being all too easy to file suits, even with sufficient pro forma allegations, if it costs nothing whatever to do so." In re Stump, 449 F.2d 1297, 1298 (1st Cir. 1971) (per curiam). Thus, in evaluating the merits of an IFP motion, this Court must "hold the balance steady and true as between fairness to the putatively indigent suitor and fairness to the society which ultimately foots the bill." Temple v. Ellerthorpe, 586 F. Supp. 848, 850 (D.R.I. 1984) (Selya, J.).

Plaintiff's IFP affidavit, read together with the supporting addendum and supplementation, presents an applicant who appears to be a hard-working individual properly

discharging responsibilities to family, including children.  While the Court must acknowledge that paying $400 for the filing fee is a significant expenditure for him, nevertheless, he is not an applicant whose poverty is such as to outweigh the "fairness to the society which ultimately foots the bill," as is necessary for eligibility to proceed IFP.  Recognizing that Plaintiff and his wife have doubtless labored hard to create their nest egg, the Court is constrained to find that available savings of $8000 are more than sufficient to pay the $400 federal filing fee and for service of the complaint without causing him or his family to become the "object of public support."  Adkins, 335 U.S. at 339-40.  Based on that fact alone, I find that Plaintiff does not qualify for IFP status.

Accordingly, I recommend that Plaintiff's Application to Proceed without Prepayment of Fees and Affidavit (ECF No. 2) be DENIED and that he be directed to pay the filing fee within thirty days of the adoption of this report and recommendation.  If he does not pay the filing fee during that time period, I recommend that the case be dismissed without prejudice.

Any objection to this report and recommendation must be specific and must be served and filed with the Clerk of the Court within fourteen (14) days after its service on the objecting party.  See Fed. R. Civ. P. 72(b)(2); DRI LR Cv 72(d).  Failure to file specific objections in a timely manner constitutes waiver of the right to review by the district judge and the right to appeal the Court's decision.  See United States v. Lugo Guerrero, 524 F.3d 5, 14 (1st Cir. 2008); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

/s/ Patricia A. Sullivan
PATRICIA A. SULLIVAN
United States Magistrate Judge
December 4, 2017